EDWARD B. PATTERSON v. I. GRETTUM and Another.[1]

April 26, 1901.

Nos. 12,519—(44).

Tax Sale—Redemption—Notice.
> A notice of the expiration of the period of redemption from a tax sale read, in part, as follows: "* * * And that the period within which said land can be redeemed will expire when sixty days shall have elapsed after due service of this notice upon you, and after due proof of such service shall be filed in the office of the auditor of said St. Louis county." *Held*, that this notice is a compliance with the statute, G. S. 1894, § 1654.

Action in the district court for St. Louis county to recover $3,600 damages for trespass upon real estate. Plaintiff's title

[1] Reported in 85 N. W. 907.

rested upon a certificate of tax sale and a notice of the expiration of the period of redemption from the sale, the material portion of which notice is stated in the opinion. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $1,102.50. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Roger S. Powell* and *I. Grettum*, for appellants.

*Fryberger & Johanson*, for respondent.

LEWIS, J.

The only question involved in this case is the validity of the notice of redemption, the material part of which reads as follows:

"* * * And that the period within which said land can be redeemed will expire when sixty days shall have elapsed after due service of this notice upon you, and after due proof of such service shall be filed in the office of the auditor of said St. Louis county."

The statutory provision in force at the time this notice was given reads as follows:

"Nor shall the full period of redemption expire until sixty days shall have elapsed after the service of such notice and proof thereof has been filed." G. S. 1894, § 1654.

Appellants claim that the above-quoted notice fails to state that the time for redemption will not expire until sixty days shall have elapsed after proof of service of the notice has been filed. In other words, their contention is that the clause, "when sixty days shall have elapsed," does not refer to and govern, "after due proof of such service shall be filed." And we are asked to construe this notice according to strict grammatical rules, taking into account its punctuation only, and treating this sentence as though it stood alone, independent of the statutory provision, and without regard to the purpose of the person who framed the notice.

While it may be conceded that, according to rules of strict grammatical construction, the clause "and after due proof of such service shall be filed," is governed by the verbal phrase, "will

expire," without reference to the intervening clause, "when sixty days shall have elapsed," it does not follow that it is proper to construe this sentence according to its grammatical wording, when its evident meaning and intent is plain. A common rule of construction requires effect to be given every clause or term found in the notice, and the intent of the writer is to be ascertained by a consideration of the evident purpose to be accomplished, rather than by the application of refined and technical rules of grammar. All other rules are subordinate to this one, and when they contravene it are to be disregarded. If the clause, "after due proof of such service shall be filed," bears no relation to the preceding one, "when sixty days shall have elapsed," the notice would be insufficient.

But, since the statute specifically requires that sixty days shall elapse after proof of service shall have been filed, it is fair to presume that the person who wrote this instrument fully intended to comply with the statute provision; and, while inexpertly drawn and awkwardly punctuated, the intent that the period of redemption shall not expire until sixty days shall have elapsed after the service of such notice and proof thereof has been filed speaks through the entire notice, and therefore neither loose grammar nor punctuation will vitiate it, or overrule or control its real meaning.

Order affirmed.